FRANK WEBER, Administrator, Appellee, v. G. C. BOTTGER, Appellant.

**INSANE PERSONS:** Action to Rescind Contract—Pleading Delivery of Consideration. A pleading by the representative of an incompetent person, asking a rescission of an alleged contract with said incompetent, need not allege *that defendant has received the consideration.* This is true because such a contract, unless rescinded, is binding on both parties, and, if binding, defendant could enforce the delivery of the consideration—exactly what a decree of rescission would avoid.

*Appeal from Keokuk District Court.*—HON. JOHN F. TALBOTT, Judge.

SATURDAY, OCTOBER 30, 1915.

FROM an order overruling his general demurrer to plaintiff's petition in equity, the defendant appeals.—*Affirmed.*

*W. C. Gambell, J. J. Smith* and *Stockman & Baker,* for appellant.

*Hamilton & Beatty* and *Talley & Hamilton,* for appellee.

EVANS, J.—The plaintiff administrator brought this suit in equity to rescind and declare void a certain alleged contract, purporting to have been made between the defendant and Martin Weber, plaintiff's intestate. It was alleged in the petition that a purported and pretended contract was entered into between the defendant and Martin Weber, whereby the defendant sold and delivered to Martin Weber nine shares of bank stock, for a purported consideration of

$431 per share; whereas the actual value of such stock did not exceed $225 per share. The method of payment was to be the transfer of a $3,900 note and mortgage, owned by said Martin Weber. It was alleged, also, that the said Martin Weber, at the time of such contract, was blind and of unsound mind, and did not understand the nature of the contract which he was entering into, and that he was induced to enter into the same by the fraud and deceit of the defendant. The petition pleaded a tender before suit brought, as well as a present tender in the petition.

The demurrer was a general equitable demurrer. The argument here is that the petition failed to state facts which entitled the plaintiff to any equitable relief. It did not appear very clearly from the petition whether or not Martin Weber had delivered the $3,900 note to the defendant. The specific allegation was that he had "endorsed" such note by the procurement of the said defendant. This is the part of the petition against which appellant's principal attack is directed in argument. For the purpose of stating a cause of action, we do not think it controlling whether Martin Weber had ever actually parted with the consideration that was to be paid for the bank stock under his contract. If, while incompetent, and by the fraud and deceit of the defendant, he entered into an apparently valid contract for the purchase of such bank stock for the consideration named, this was sufficient to furnish to his representative a ground of repudiation of the contract. A contract otherwise valid having been actually entered into by the parties, it was binding upon the defendant, unless repudiated by the incompetent or his proper representative. It was open to the plaintiff, as administrator, either to repudiate or to ratify such contract. Failure to repudiate within the appropriate time would amount to ratification. If he repudiated the contract and tendered back to the defendant the stock received, and if the defendant denied his right to thus repudiate, then the plaintiff was entitled to try the question by an appropriate suit in equity to rescind

the contract. In its essential features, such is plaintiff's suit, though he did not, in specific terms, ask for a rescission. He did pray that the contract be decreed "illegal and void" and that he have general equitable relief.

The petition in the case is not a model of pleading, and it is fairly subject to some of the criticism made upon it in argument. We are clear, however, that it was not vulnerable to defendant's demurrer. The order overruling demurrer is therefore—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.